# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Edward Shean Comminey, Jr.,

    Plaintiff

v.

Sam's West Inc., et al.,

    Defendants

Case No.: 2:19-cv-00508-JAD-NJK

**Order Overruling Objections**

[ECF Nos. 57, 58]

    In this premises-liability case, plaintiff Edward Shean Comminey, Jr., alleges that he was injured when the bench at a Sam's Club food court gave way as he sat on it. He objects to Magistrate Judge Nancy J. Koppe's orders: (1) denying the parties' stipulation that Comminey undergo an independent medical examination under Rule 35 because it "fails to explain why Court approval is necessary" given that parties are free to stipulate to discovery procedures without court approval under Rule 29;[1] and (2) denying Comminey's emergency motion to extend the deadline to amend his complaint because his request was based on a speculative, future need for an amendment.[2]

    When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[3] The objecting party "must file and serve specific written objections" within "14 days after service of the order."[4] "Replies

---

[1] ECF No. 54.
[2] ECF No. 56.
[3] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).
[4] LR IB 3-1(a).

will be allowed only with leave of the court."[5]  "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[6]

      Comminey posits that the magistrate judge's denial of the stipulation was clearly erroneous because Local Rule 7-1(b) requires court approval—he claims that the medical-examination stipulation is not binding without it.[7]  Comminey cites no authority for his proposition.  Local Rule 7-1(b) provides that "[n]o stipulations relating to proceedings before the court, except those set forth in Fed. R. Civ. P. 29, are effective until approved by the court."  Federal Rule of Civil Procedure 29(a) and (b) provides that "[u]nless the court orders otherwise," parties may stipulate to scheduling details for depositions and may modify "other procedures governing or limiting discovery."  However, "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial."[8]  Because the stipulation for a Rule 35 medical examination is not "a stipulation extending the time for any form of discovery," the magistrate judge correctly determined that it did not require court approval.  So I overrule Comminey's objection to that order.

      For his second objection, Comminey argues that he will be prejudiced by having to refile an extension request in two months once the defendants provide him the missing identities of the

---

[5] *Id.*

[6] LR IB 3-1(b).

[7] ECF No. 57 at 3-4.  Defendant Qualserv Solutions, LLC, did not reply to the objection, it filed a motion to compel examination instead.  ECF No. 59.

[8] Fed. R. Civ. P. 29(b)

food-court manager and the associates who were working there the day he was injured.[9]  He further submits that the denial makes him "vulnerable to the Court denying a Rule 15 motion based on missing the deadline to amend"[10] and that "[t]he better practice"[11] is to grant the extension before he has those names.  However, he fails to cite a single authority to show that the magistrate judge's order was clearly erroneous.

"Once the pleadings amendment deadline has passed, a moving party must satisfy Federal Rule of Civil Procedure 16(b)'s 'good cause' standard to change the scheduling order's deadlines before a court will consider on the merits whether Rule 15(a)'s liberal amendment standard has been satisfied."[12]  Should Comminey develop a proposed amendment, the court will consider at that time whether he meets Rule16's good cause standard—whether he has been diligent in seeking the amendment—and whether the amendment should be granted under Rule 15(a)(2).  Comminey fails to show that an extension of the amendment deadline is warranted in this case and that the magistrate judge's order was clearly erroneous, so I overrule his objection.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's objections to the magistrate judge's rulings **[ECF Nos. 57, 58] are OVERRULED**, and the Magistrate Judge's Orders **[ECF Nos. 54, 56] are AFFIRMED**.

Dated: May 27, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[9] ECF No. 58 at 4.

[10] *Id*.

[11] ECF No. 64 at 3.

[12] *Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).